UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 23-66** |
| **MELISSA J. WATSON** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court are Defendant Melissa J. Watson's Motion for Reduction/Modification of Restitution Payment (R. Doc. 59) and two applications by the Government for Writs of Garnishment (R. Docs. 63 & 64).

Melissa J. Grant pleaded guilty to one count of Theft of Public Money on April 9, 2024.[1] She was sentenced to a term of imprisonment of 12 months and one day and was ordered to begin making payments of $1,500 per month within 60 days of this Court's Judgment to satisfy the restitution amount of $1,281,918.00.[2] Watson now requests that her restitution payment amount be reduced or modified to account for her lost income due to incarceration and the revocation of her professional licenses.[3]

The Mandatory Victims Restitution Act (MVRA) requires that courts order restitution to the victims of certain offenses in conjunction with the sentence imposed for those offenses.[4] Such restitution is mandatory and must be ordered in the amount of loss to the victim.[5] Orders of

---

[1] R. Doc. 37.
[2] R. Doc. 54.
[3] R. Doc. 37.
[4] 18 U.S.C. § 3664; *see also* R. Doc. 39 ("It is also understood that the restitution provisions of Sections 3663 3663A of Title 18, United States Code, will apply. The defendant acknowledges that a total amount of restitution owed is $1,281,818. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.").
[5] *See United States v. Taylor*, 582 F.3d 558, 567 (5th Cir. 2009).

restitution must be made without regard to the defendant's economic circumstances, though defendants are instructed to notify the court if their ability to pay restitution is affected by a material change in their economic circumstances.[6] Upon such a notification, the court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[7] A court, however, does not have the authority to alter the amount of restitution owed by the defendant because of a change in the defendant's economic circumstances.[8]

Watson contends that, due to her guilty plea, she has lost her medical licenses and will be incarcerated for 12 months and one day.[9] Accordingly, Watson states that she "does not have the means to satisfy the current ordered amount" of $1,281,918.00 and requests a reduction or modification of the restitution order.[10] The Court construes this request as a request to alter the restitution payment schedule pursuant to 18 U.S.C. § 3664(o)(D) and finds Watson's inability to pay due to her incarceration a compelling reason to delay the start of her restitution payment schedule.

Meanwhile, the Government has submitted two applications for writs of garnishment on two bank accounts associated with Defendant.[11] In its applications, the Government provides that demands of payment were made on Watson for her restitution debt of $1,281,918.00 but that she has failed to satisfy that debt, which the Government asserts now measures at $1,281,618.00 following Watson's payment of a special assessment.[12] Accordingly, the Government seeks writs

---

[6] 18 U.S.C. § 3664(k).
[7] *Id.*; *see also* 18 U.S.C. § 3664(o) (permitting alteration of a restitution order for changes in the defendant's economic circumstances).
[8] *See* 18 U.S.C. § 3664(o); *see also United States v. Singh*, 836 F. App'x 331, 33 (5th Cir. 2021) ("[T]he MVRA permits 'a downward adjustment to a restitution order' only by way of a motion made pursuant to Rule 35 of the Federal Rules of Criminal Procedure or after a successful direct appeal.").
[9] R. Doc. 59.
[10] *Id.*
[11] R. Docs. 63 & 64.
[12] R. Docs. 63 & 64.

of garnishment for "any property on which Melissa J. Watson and/or her spouse, Troy Watson has a substantial nonexempt interest," and, regarding wages and earnings, the lesser of 25% of Watson's disposable earnings or all of Watson's disposable earnings in excess of 30 times the federal hourly minimum wage.[13]

Under almost identical circumstances, the Tenth Circuit recognized (and the Fifth Circuit later agreed) that "an installment-based restitution order does not render the total restitution amount due immediately."[14] As the Tenth Circuit explained, 18 U.S.C. § 3572(d)'s condition that "[a] person sentenced to pay . . . restitution . . . shall make such payment immediately, *unless,* in the interest of justice, the court provides for payment . . . in installments," implies the full amount of restitution is not immediately due under an installment-based restitution order.[15] Likewise, under 18 U.S.C. § 3572(i), "a defendant who defaults on a payment schedule must pay the full restitution award within 30 days, 'notwithstanding any installment schedule.'"[16] This provision seemingly reinforces the conclusion that a full restitution amount is not immediately owed when an installment plan is in place because Section 3752(i) would otherwise be "unnecessary, or even meaningless."[17] The Court would benefit from additional briefing on the appropriateness of issuing these writs at this stage.

For the reasons stated above and finding good cause exists to alter the restitution payment schedule,

**IT IS ORDERED** that Watson file an answer or response to the Government's applications for Writs of Garnishment (R. Docs. 63 & 64) within thirty (30) days of the date of the issuance of

---

[13] R. Docs. 63-2 & 64-2.
[14] *United States v. Martinez*, 812 F.3d 1200, 1205 (10th Cir. 2015); *see also United States v. Hughes*, 914 F.3d 947 (5th Cir. 2019) (endorsing the Tenth Circuit's approach in *Martinez*).
[15] *Id.* (emphasis in original).
[16] *Id.* (quoting 18 U.S.C. § 3572(i)).
[17] *Id.*

this order. The answer shall state whether it is appropriate for the Government to seek writs of garnishment before a defendant is in default under their court-ordered restitution installment payment plan.[18] Within fifteen (15) days of Watson's response being filed, the Government shall file its reply.

**IT IS FURTHER ORDERED** that Watson's motion (R. Doc. 59) is **GRANTED**, and Watson's restitution payments shall begin within 90 days of the end of Watson's period of incarceration, at a rate of $1,500 per month.

New Orleans, Louisiana, this 25th day of October 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[18] Watson's first restitution payment was due on or about September 23, 2024 (R. Doc. 54 at 7). It does not appear that Watson made a timely payment, though the Government does not allege that Watson is in default under the payment schedule. Under 18 U.S.C. §§ 3572(h) and (i), a "payment of restitution is delinquent if a payment is more than 30 days late" and "payment of restitution is in default if a payment is delinquent for more than 90 days." Consequently, Watson is not yet in default under the restitution payment schedule.